**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Thomas James O'NEILL, Defendant—**
**Appellant.**

No. 05–30238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided July 24, 2006.

Kurt G. Alme, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

William F. Hooks, Esq., Helena, MT, for Defendant–Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

We affirm the 24–month sentence the district court imposed on Thomas O'Neill after he pleaded guilty to one count each of wire and securities fraud. *See* 18 U.S.C. § 1343; 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b–5. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review O'Neill's ultimate sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005). For a sentence to be reasonable, the district court must first accurately calculate an advisory sentence range under the Sentencing Guidelines.[1] *See United States v. Cantrell*, 433 F.3d 1269, 1279–81 (9th Cir.2006). We review the district court's calculation of the advisory guidelines sentence by reviewing its "interpretation of the Sentencing Guidelines de novo, [its] application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and [its] factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

■ The district court properly enhanced O'Neill's offense level under U.S.S.G. § 2F1.1(b)(1)(I) for infliction of loss between $200,000 and $350,000. We find that the district court, by relying on the government's method for calculating actual loss, "adopt[ed] a reasonable, 'realistic, economic' projection of loss based on the evidence presented." *United States v. W. Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 991 (9th Cir.2001) (quoting *United States v. Allison*, 86 F.3d 940, 943 (9th Cir.1996)). The government's actual loss calculation was reasonable even though it included the effects of an unexpected market downturn. *See United States v. Sarno*, 73 F.3d 1470, 1500–01 (9th Cir.1995).

■ The district court did not err in enhancing O'Neill's offense level for an abuse of a position of trust under U.S.S.G. § 3B1.3. The enhancement was not duplicative because an abuse of a position of trust is not part of O'Neill's underlying wire fraud conviction. *See United States v. Ajiboye*, 961 F.2d 892, 895 n. 4 (9th Cir.1992). To the extent that O'Neill argues that it is inappropriate to enhance for an abuse of trust when the offense is churning, the argument fails because there was ample evidence that O'Neill conducted numerous wholly unauthorized transactions.

■ The district court did not err in enhancing O'Neill's offense level under U.S.S.G. § 2F1.1(b)(4)(C) for violation of a prior, specific administrative order. From January 1, 1997, until August 1, 1998, O'Neill was subject to a Montana administrative order that required him to comply with the Montana Securities Act. The Montana Securities Act forbids unauthorized transactions. At his sentencing hearing, five of O'Neill's former clients testified that he traded investments without their permission between January 1997 and August 1998.

■ O'Neill's 24–month sentence, which was below the guideline range, is reasonable. In the lengthy sentencing hearing transcript, the district court thoughtfully discussed all of the relevant sentencing factors and explained why a 24–month sentence was reasonable in light of those factors. We agree that O'Neill's sentence is reasonable in light of the § 3553(a) sentencing factors. *See Cantrell*, 433 F.3d at 1279.

**AFFIRMED.**

---

1. The applicable Sentencing Guidelines are those that went into effect on November 1, 2000. *U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 1B1.11(a)(b) (2000).